FILED'06 MAR 02 11:34usdc-orp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLISANTOS ORTEGA-ESPINOZA,      )
                                )     Civil No. 04-526-JE
          Petitioner,           )
                                )
     v.                         )
                                )
SHARON BLACKETTER,              )
                                )     FINDINGS AND RECOMMENDATION
          Respondent.           )

     Anthony D. Bornstein
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lynn David Larsen
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

This habeas corpus action comes before the court pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his underlying state convictions on several federal constitutional grounds. Because petitioner did not file this case within the applicable statute of limitations, relief on the Petition should be denied, and judgment should be entered dismissing this case with prejudice.

## DISCUSSION

Petitioner is currently incarcerated at the Eastern Oregon Correctional Institution after convictions for three counts of Sodomy in the First Degree, three counts of Sexual Abuse in the First Degree, and one count of Attempted Sodomy in the Second Degree. Respondent's Exhibit 101. The parties agree that petitioner failed to file this case within the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period, but petitioner argues that the statute of limitations should be equitably tolled because: (1) he does not speak English; (2) he is illiterate in Spanish; and (3) his prison does not have adequate Spanish-English translation services.

Although the Ninth Circuit has authorized equitable tolling, it is not available in most cases. Equitable tolling is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (<u>quoting</u> <u>Brambles v. Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who

fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. <u>Tillema v. Long</u>, 253 F.3d 494, 504 (9th Cir. 2001); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999); <u>see also</u> <u>Calderon v. United States District Court</u>, 128 F.3d 1283, 1289 (9th Cir. 1997), <u>overruled in part on other grounds by</u> <u>Calderon v. United States Dist. Court</u>, 163 F.3d 530 (9th Cir. 1998)(en banc), <u>cert. denied</u> 526 U.S. 1060 (1999).

Petitioner claims that he is an illiterate, Spanish-speaking inmate therefore it was impossible for him to file this action in a timely fashion without assistance. With respect to petitioner's claim of illiteracy, the Ninth Circuit has held in the context of exhaustion and procedural default that the illiteracy of a *pro se* petitioner does not constitute "cause" for his failure to present a claim to the state courts. <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986). Consequently, the court cannot conclude that illiteracy is an extraordinary circumstance sufficient to justify equitable tolling. The Southern District of New York has reached the same conclusion the court reaches today. <u>See</u> <u>German v. United States</u>, 209 F.Supp.2d 288, 293 (S.D.N.Y.2002) (holding that petitioner's inability to understand English and lack of a law library in Spanish are not extraordinary circumstances that support equitable tolling).

Although there are no published opinions in the Ninth Circuit which address whether a litigant is entitled to equitable tolling due to language barriers, the Eleventh Circuit has expressly stated

that a petitioner's difficulty with the English language does not constitute an extraordinary circumstance which justifies equitable tolling. U.S. v. Montano, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005). This court agrees, and notes that it simply does not view an inmate's difficulty with the English language as an "extraordinary circumstance." Indeed, to conclude otherwise could prevent federal courts from enforcing AEDPA's statute of limitations with respect to a significant number of convicted persons.

For these reasons, the difficulties of which petitioner complains, even if true, do not constitute extraordinary circumstances which make it impossible for litigants to timely file a habeas corpus petition. Because petitioner cannot invoke equitable tolling even if he could prove his illiteracy and inability to communicate in English, his request for an evidentiary hearing should be denied.

Assuming, *arguendo*, that literacy and language barriers could justify equitable tolling, they do not do so in the current action. Petitioner's difficulties did not prevent him from timely filing a petition for post-conviction relief in Oregon's state courts approximately six months after his convictions became final. Respondent's Exhibit 104. His ability to file a *pro se* English petition for post-conviction relief bears directly upon his ability to file a federal habeas corpus petition in a timely manner. Although his federal habeas Petition is untimely, petitioner still

4 - FINDINGS AND RECOMMENDATION

demonstrated the ability to file it in English in this court without the appointment of counsel despite his alleged language and literacy barriers. The evidence before the court leads it to conclude that petitioner failed to timely file the Petition due to his own lack of diligence, not because it was impossible for him to do so.[1]

Because petitioner failed to file this action within AEDPA's one-year limitation period, and as he is not entitled to equitable tolling, the Petition for Writ of Habeas Corpus should be denied.

## RECOMMENDATION

The Petition for Writ of Habeas Corpus (#2) should be DENIED on the basis that is untimely, and judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days

---

[1] Although unnecessary to support my recommendation, I note that Sherri Holman, the Law Library Coordinator at the Eastern Oregon Correctional Institution, attests that since at least 1992, two inmates have served as Spanish-English language interpreters to assist Spanish-speaking inmates at the prison. Respondent's Exhibit 106. She has personally observed petitioner utilize those services as well as the services of an inmate legal assistant. Id. Although Holman's affidavit was filed with the court on February 7, 2006, petitioner has not controverted it.

from the date of service of a copy of this recommendation within
which to file specific written objections. Failure to timely file
objections to any factual determinations of the Magistrate Judge
will be considered a waiver of a party's right to de novo
consideration of the factual issue, and will constitute a waiver of
a party's right to appellate review of the findings of fact in an
order or judgment entered pursuant to the Magistrate Judge's
recommendation.

DATED this ____ day of February, 2006.

John Jelderks
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION